UNITED STATES of America,
Appellee,

v.

Robert M. QUINONES, Defendant–
Appellant.

No. 08–2298–cr.

United States Court of Appeals,
Second Circuit.

April 6, 2009.

Christopher D. Frey (Katherine Polk Failla, of counsel), for Lev Dassin, Acting United States Attorney, Southern District of New York, New York, N.Y., for Appellee.

Darrell B. Fields, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y., for Defendant–Appellant.

Present: Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

On June 14, 2007, Appellant Robert M. Quinones ("Appellant") was indicted in the Southern District of New York (Cote, *J.*) on twenty-five counts of aiding and assisting in the preparation of fraudulent income tax returns in violation of 26 U.S.C. § 7206(2) and two counts of filing a false claim for an income tax refund in contravention of 18 U.S.C. § 287. Appellant pleaded guilty to all counts. In its presentence report, the Probation Office determined Appellant's United States Sentencing Guidelines ("Guidelines") adjusted offense level was 19, his Criminal History Category was I, and his sentencing range was 30 to 37 months. Appellant's counsel requested a non-Guidelines sentence, contending that "[a] term of imprisonment is not only not needed to deter, punish, or rehabilitate Mr. Quinones, but is likely to be far harsher than necessary to achieve any of these goals, given his severe mental illness, drug addiction, and physical issues." The district court acknowledged its obligation to "consider all of the [18 U.S.C. § ] 3553(a) factors," and sentenced Appellant to serve concurrently 30 months in prison on each count and recommended that Appellant serve his sentence as near to New Jersey as possible, that he be allowed to participate in a residential drug-treatment program, and that he be evaluated for the need for medical care related to diabetes and problems with his knees. Appellant was also sentenced to three years of supervised release on each count, to run concurrently, with the conditions that he submit to drug testing, provide restitution, and participate in substance abuse and mental health counseling during his term of supervised release.

Appellant appeals only the length of his incarceration, arguing that thirty months of incarceration is unreasonable for a 50–year–old with a spouse, two children, no prior criminal record, and a history of drug addiction and depression. However, as the district court noted, this case involves "a very substantial fraud that was committed over a number of years to obtain false deductions for the defendant himself personally and to obtain income from a tax prepar[ation] business in which fraudulent returns were submitted on behalf of [many individual] taxpayers year after year. . . ." In addition to the Guidelines, the district court considered the scale of the offenses and the length of time over which they took place, the interests of general and specific deterrence, Appellant's apparent failure to take advantage of previous drug treatment opportunities, the need for just punishment, and the option of imposing a probationary sentence as requested by Appellant. We cannot conclude on this record that the district court abused its discretion in sentencing Appellant to 30 months incarceration. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445, 454–55 (2007); 18 U.S.C. § 3553(a).

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED** and all previous motions are hereby **VACATED** as moot.